UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BRIAN A. MULLALLY, M.D.,

    Plaintiff/Counter-Defendant,       Case No. 14-cv-14433
                                                        Hon. Matthew F. Leitman

v.

STANDARD INSURANCE COMPANY,

    Defendant/Counter-Plaintiff.
_____/

**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS AND FOR DEFAULT JUDGMENT (ECF #22) AND DISMISSING PLAINTIFF'S FIRST AMENDED COMPLAINT (ECF #15) WITH PREJUDICE**

**INTRODUCTION**

This action is a dispute between an insurance company and one of its insureds. Plaintiff/Counter-Defendant Brian A. Mullally, M.D., ("Dr. Mullally") alleges that Defendant/Counter-Plaintiff Standard Insurance Company ("Standard") failed to make certain payments owing to him under a "Business Overhead Expense" insurance policy he purchased from Standard (the "Policy"). (*See* First Am. Compl., ECF #15 at 2, Pg. ID 96.) Standard disputes that it owes Dr. Mullally any payment under the Policy, and it has filed counterclaims seeking recovery of certain payments it did make to Dr. Mullally (totaling $133,103.29). (*See* Def.'s Ans., ECF #11 at 7, Pg. ID 74.)

1

Standard has now filed a motion to dismiss Dr. Mullally's claims and for a default judgment on its counterclaims (the "Motion"). (ECF #22.)  For the reasons explained below, the Court **GRANTS** the Motion.

## RELEVANT FACTUAL BACKGROUND

Dr. Mullally purchased the Policy from Standard in 2004.  (*See* Policy, ECF #16-1 at 6, Pg. ID 121.)  The Policy permits Dr. Mullally to seek reimbursement for his business's "Covered Expenses" during periods of personal disability. (*See id.* at 7, Pg. ID 122.)  The Policy defines "Covered Expenses" as the insured's "share of business expenses incurred or allocable in [the insured's] regular occupation…that are ordinary and necessary in the operation of [the] business or profession."  (*Id.* at 8, Pg. ID 123.)

In mid-2013, Dr. Mullally was diagnosed with liver cancer.[1]  (*See* First Am. Compl., ECF #15 at 2, Pg. ID 96.)  On May 20, 2013, Dr. Mullally submitted a claim for Covered Expenses under the Policy while he sought treatment for his cancer.  (*See* Def.'s Ans., ECF #16 at 12, Pg. ID 109.)  According to Standard, it paid Dr. Mullally a total of $133,103.29 in monthly installments from August 2013 through May 2014. (*See* Def.'s Ans., ECF #16 at 13, Pg. ID 110.)  Dr. Mullally

---

[1] Dr. Mullally alleges that the cancer is terminal.  (*See* First Am. Compl., ECF #15 at 2, Pg. ID 96.)  Standard admits that Dr. Mullally was diagnosed with liver cancer, but not that his diagnosis is terminal.  (*See* Def.'s Ans., ECF #16 at 4-5, Pg. ID 100-01.)

alleges that Standard wrongfully stopped making payments to him in May 2014 despite his ongoing disability. (*See* First Am. Compl., ECF #15 at 3, Pg. ID 97.)

In response, Standard denies that it failed to reimburse Dr. Mullally for any Covered Expenses owing under the Policy. (*See* Def.'s Ans., ECF #16 at 9, Pg. ID 106.) Indeed, Standard alleges that it actually *overpaid* Dr. Mullally. (*Id.*) More specifically, Standard asserts that Dr. Mullally closed his medical practice "in or around June 2013," and thus was no longer entitled to reimbursement for Covered Expenses following that closure. (*See id.* at 7-9, Pg. ID 104-06.) Standard says that despite the closure, Dr. Mullally nonetheless continued to accept payments from Standard. (*See id.*) Standard also claims that "[e]xpenses for which [Dr. Mullally] claims reimbursement were not 'ordinary and necessary' in the operation of his business and otherwise fail to satisfy" the Policy's definition of Covered Expenses. (*See id.* at 7-8, Pg. ID 104-05.) Standard alleges that Dr. Mullally wrongfully accepted $133,103.29 in benefits to which he was not entitled. (*See id.* at 13, Pg. ID 110.)

## PROCEDURAL HISTORY

Dr. Mullally filed his First Amended Complaint on April 8, 2015. (*See* ECF #15.) On April 22, 2015, Standard filed its Answer. (*See* ECF #16.) Standard also filed counterclaims for breach of contract, unjust enrichment, and restitution. (*See id.* at 15-17, Pg. ID 112-14.).

3

In early July 2015, Standard contacted the Court by letter to complain that Dr. Mullally had not responded to interrogatories and document requests it had served upon him.  On July 2, 2015, the Court held a phone conference with the parties.  (*See* Dkt.)  During that conference, counsel for Dr. Mullally informed the Court that Dr. Mullally had not responded to the outstanding discovery requests because he was receiving treatment for liver cancer.  Dr. Mullally's counsel then asked the Court stay this action while Dr. Mullally received treatment.  The Court instructed Dr. Mullally's counsel to file a formal motion requesting a stay, and counsel did so on July 16, 2015 (the "Stay Motion").  (*See* ECF #19.)

In the Stay Motion, Dr. Mullally requested additional "time to focus on his health and his treatment" because litigation can be particularly taxing on a party who is "battling terminal cancer at the same time."  (*Id.* at 1-3, Pg. ID 155-57.)  On August 12, 2015, the Court denied the Stay Motion to the extent that it requested an indefinite stay.  (*See* ECF #21 at 3. Pg. ID 188.)  But the Court was sympathetic to Dr. Mullally's condition, and issued the following Order in an effort to fairly accommodate the interests of both parties:

> The Court fully understands and is sympathetic to the challenges Dr. Mullally faces as he battles liver cancer.  The Court must carefully balance Dr. Mullally's circumstances against Standard's right to a fair and efficient adjudication of Dr. Mullally's claims and its counterclaim.  If Standard is not permitted to take discovery from Dr. Mullally now, it may forever lose a critical opportunity to develop support for its serious counterclaim against him.  The Court also notes that while Dr. Mullally's diagnosis appears to be undisputed, the

4

> motion requesting a stay is not supported by a letter from Dr. Mullally's physician attesting that Dr. Mullally cannot participate in any discovery. Under these circumstances, the Court does not believe that an indefinite stay of proceedings is appropriate.
>
> However, given Dr. Mullally's medical condition, an extension of time to respond to Standard's outstanding discovery is not unreasonable. The discovery was first served on Dr. Mullally on May 12, 2015. The Court will grant Dr. Mullally an additional 30 days from the date of this Order to respond to the discovery. This will have provided Dr. Mullally, in total, roughly four months to respond to the discovery. As this action moves forward, the Court will consider granting Dr. Mullally additional and/or other accommodations to enable him to participate in discovery and in the litigation.
>
> Accordingly, for the reasons stated above, it is hereby ordered that Dr. Mullally's Motion for Stay of Proceedings (ECF #19) is denied. It is further ordered that Dr. Mullally is directed to respond to Standard's outstanding discovery within 30 days of this Order.

(*Id.* at 2-3, Pg. ID 186-87.)

Despite the Court's order that Dr. Mullally provide discovery responses by September 11, 2015, (and the despite the Court's willingness to provide Dr. Mullally with additional accommodations to allow him to continue participating in this action), he did not do so – and still has not done so more than two months later. Nor has Dr. Mullally sought an additional extension or suggested that he is preparing (or contemplating preparing) the discovery responses.

On September 24, 2015, Standard filed the Motion. (*See* ECF #22.) In the Motion, Standard asserts that Dr. Mullally has failed to produce any documents despite the Court's extension and Standard's own good faith efforts to confer with

5

Dr. Mullally and his counsel by telephone and in writing. (*See id.* at 3-4, Pg. ID 191-92.) Dr. Mullally failed to file a response to the Motion. It does not appear that Dr. Mullally has not taken any action in this case since July – roughly four months ago – and neither Dr. Mullally nor his counsel has indicated that he is considering any future participation in the action.

On October 16, 2015, Standard filed a reply brief – despite not receiving a response from Dr. Mullally – in which it once again requested that this Court dismiss Dr. Mullally's First Amended Complaint and that it grant Standard a default judgment on its counterclaims. (*See* ECF #23.)

## ANALYSIS

Dr. Mullally's First Amended Complaint is subject to dismissal for two reasons. First, he has failed to comply with this Court's Order (ECF #21) requiring him to provide discovery responses to Standard. Under Federal Rule of Civil Procedure 41(b), "[i]f the plaintiff fails to prosecute or to comply with . . . a court order, a defendant may move to dismiss the action or any claim against it." The Court applies the following four factors to determine whether dismissal under Federal Rule of Civil Procedure 41(b) is appropriate:

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

6

*United States v. Reyes*, 307 F.3d 451, 458 (6th Cir. 2002). And "[a]lthough no one factor is dispositive, dismissal is proper if the record demonstrates delay or contumacious conduct." *Id.*

The record in this case demonstrates clear delay and complete unresponsiveness on the part of Dr. Mullally. He has failed to comply with the Court's Order requiring him respond to Standard's discovery requests no later than September 11, 2015. Dr. Mullally also never contacted the Court to communicate that he was having problems complying with the Order or that his treatment prevented him from meeting the deadline. Nor has Dr. Mullally taken any steps to indicate that the discovery responses are being prepared and/or will be served upon Standard. Dr. Mullally's failure to respond to Standard's discovery requests has materially prejudiced Standard. Simply put, without the discovery responses, Standard cannot effectively defend against Dr. Mullally's claims or prosecute its own counterclaims. And if, as Dr. Mullally has suggested, his health status will continue to deteriorate, Standard may forever lose the ability to obtain the needed discovery responses. Finally, the Court has considered less drastic sanctions but does not believe that any are appropriate given Dr. Mullally's complete abdication from this case and the resulting serious prejudice to Standard.

Second, Dr. Mullally failed to respond to the Motion which sought dismissal of his claims. Local Rule 7.1(e)(1)(B) requires a party to respond to an opponent's

7

dispositive motion within 21 days. "Numerous cases have held that where a plaintiff fails to respond to a motion to dismiss, his or her claims are deemed abandoned." *Williams v. Chase Bank*, No. 15-10565, 2015 WL 4600067, at *3 (E.D. Mich. July 29, 2015); *see also Schafer v. City of Defiance Police Dep't*, 529 F.3d 731, 739 (6th Cir. 2008) ("[A] party that does not act in bad faith, but nevertheless shows willfulness and fault in that he was at best extremely dilatory in not pursuing his claim, indicates an intention to allow his case to lapse") (internal quotations and citation omitted). The Court thus deems Dr. Mullally's claims abandoned and dismisses them for this second, independent reason.

Next, Standard is entitled to a default judgment on its counterclaims. Rule 37(b)(2)(vi) of the Federal Rules of Civil Procedure authorizes a district court to enter a default judgment against a party who fails to comply with a discovery order. Here, as described in detail above, Dr. Mullally failed to comply with the Court's Order directing him "to respond to Standard's outstanding discovery within 30 days" of August 12, 2015. (Order Denying Stay Motion, ECF #21 at 3, Pg. ID 188.) The Court issued that Order to preserve Standard's "critical opportunity to develop support for its serious counterclaim against" Dr. Mullally. (*Id.* at 2, Pg. ID 187.) Dr. Mullally's noncompliance, even after the Court granted him an extension, has further compromised that opportunity. Thus, Dr. Mullally's noncompliance with the Court's Order is sufficiently serious as to warrant the

extreme sanction of entry of a default judgment. *See Bank One of Cleveland v. Abbe*, 916 F.2d 1067, 1073 (6th Cir. 1990) ("Simply put, if a party has the ability to comply with a discovery order and does not, dismissal *and we add entry of default*, is not an abuse of discretion") (emphasis added; internal quotations and citation omitted).

The Court remains sympathetic to Dr. Mullally and has done its best to accommodate him. But the Court must continue to balance Dr. Mullally's circumstances against Standard's right to a fair and efficient adjudication of Dr. Mullally's claims and its counterclaims. Under the unfortunate circumstances presented here – where Dr. Mullally has failed to comply with a court order, failed to respond to a dispositive motion, failed to request any additional accommodations from the Court, and has given no indication that he intends to continue participating in this action – granting the relief requested by Standard is appropriate.

Accordingly, **IT IS HEREBY ORDERED** that the Motion (ECF #22) is **GRANTED**; that Dr. Mullally's First Amended Complaint is **DISMISSED WITH PREJUDICE**; and that a default judgment (on liability only) shall enter in favor of Standard on its counterclaims.

s/Matthew F. Leitman
MATTHEW F. LEITMAN
UNITED STATES DISTRICT JUDGE

Dated: November 16, 2015

9

      I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on November 16, 2015, by electronic means and/or ordinary mail.

                                      s/Shawna C. Burns
                                      Case Manager
                                      (313) 234-5113